# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 14-59 |
| TREY MITCHELL | SECTION: "A" (3) |

## ORDER AND REASONS

Before the Court is a **Motion to Vacate Pursuant to 28 U.S.C. § 2255** (**Rec. Doc. 518**) filed by Defendant Trey Mitchell. The United States of America ("the Government") opposes the motion (**Rec. Doc. 530**). Having considered the *pro se* motion, the opposition, the record, and the applicable law, the Court finds that Defendant's **Motion to Vacate Pursuant to 28 U.S.C. § 2255** (**Rec. Doc. 518**) is **DENIED** for the reasons set forth below.

**I.     Background**

The District Court Judge previously presiding in this matter[1] held a rearraignment on September 16, 2015, during which Mitchell plead guilty to Count 2 of a Superseding Indictment. Pursuant to the plea agreement and as admitted to by Mitchell in the factual basis, he committed a violation of 21 U.S.C. § 841(a)(1). (Rec. Doc. 349, 350). On March 2, 2016, the court sentenced Mitchell to 188 months to be served consecutively with state sentences that have been imposed. (Rec. Doc. 419). Mitchell brings the instant *pro se* motion to vacate the sentence alleging three grounds: (1) he is innocent; (2) his career offender enhancement under the guidelines was inappropriate; and (3) incompetent and infective assistance of counsel. (Rec. Doc. 518).

**II.    Legal Standard**

---

[1] Effective June 25, 2018, this case was reassigned from Judge Kurt D. Engelhardt to Judge Jay C. Zainey. (Rec. Doc. 515).

Section 2255 "provides the federal prisoner with a post-conviction remedy to test the legality of his detention by filing a motion to vacate judgment and sentence in his trial court." *U.S. v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004) (quoting *Kuhn v. U.S.*, 432 F.2d 82, 83 (5th Cir. 1970)). The statute establishes that a prisoner in custody under a sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence." *Id*. (quoting 28 U.S.C. § 2255). Where there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* Relief under 28 U.S.C. § 2255 is reserved for violations of constitutional rights and for a narrow range of injuries in federal criminal cases that could not have been raised on direct appeal and would result in a fundamental miscarriage of justice. *U.S. v. Petrus,* 44 F.3d 1004 (5th Cir. 1994) (citing *U.S. v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

A district court may deny a Section 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *U.S. v. Arguellas*, 78 Fed. Appx. 984, 986 (5th Cir. 2003) (quoting 28 U.S.C. § 2255; *U.S. v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992)). In those cases, however, where the record does not conclusively negate a prisoner's entitlement to relief, contested fact issues may not be decided on affidavits alone. *Id*. (citing *Owens v. U.S.*, 551 F.2d 1053, 1054 (5th Cir. 1977)). No hearing is necessary if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record. *U.S. v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981) (citing *Buckelew v. U.S.*, 575 F.2d 515 (5th Cir. 1978)).

**III.    Law and Analysis**

Mitchell argues that his sentence should be vacated based upon three grounds: (1) he is innocent; (2) his career offender enhancement under the guidelines was inappropriate; and (3) incompetent and infective assistance of counsel. The Government argues that the Court should deny Mitchell's motion because: (1) his 2255 motion is untimely; (2) his arguments about his actual innocence and the sentencing guildelines are procedurally barred; and (3) alternatively, his arguments including ineffectiveness of counsel do not have merit. (Rec. Doc. 530, p. 4). Upon review of each ground Mitchell alleges, the Court is persuaded by the Government's response and denies Mitchell's motion.

Pursuant to 28 U.S.C. § 2255(f), a motion to vacate the sentence is subject to a one-year period of limitation which shall run from the date on which the judgment of conviction becomes final. A judgment becomes final when "the federal prisoner fails to file a notice of appeal from his conviction." *U.S. v. Plascencia,* 537 F.3d 385, 388 (5th Cir. 2008). In criminal cases, the notice of appeal must be filed within fourteen days of the entry of the judgment. Fed. R. App. (4)(b)(1)A)(i).

The Court finds that Mitchell's claims are barred as untimely. The entry of judgment was signed by Judge Engelhardt on March 3, 2016. Mitchell's sentence became final on March 21, 2016; therefore he had until March 21, 2017 to file his motion to vacate the sentence. Considering Mitchell filed this motion on August 14, 2018, the Court finds that the motion is denied as untimely.

Nevertheless, the Court also denies the motion on the merits. Mitchell's first claim is that he is actually innocent of conspiring to distribute narcotics, and his second claim is that he was incorrectly classified as a "career offender." In its opposition, the Government counters by

stating that these claims are barred by the collateral review waiver in his plea agreement. (Rec. Doc. 530, p. 15). The Government additionally states that the claims are procedurally barred because Mitchell did not raise them on direct appeal. (*Id.*).

Mitchell's plea agreement provides,

> The defendant in exchange for the promises and agreements made by the United States in this plea agreement, knowingly and voluntarily…waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241…and any other collateral challenges to his sentence of any kind…The defendant retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

(Rec. Doc. 349 pp. 2-3). In consideration of a waiver in a plea agreement, "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances." *U.S. v. Ruiz*, 536 U.S. 622, 629 (2002). After the Court thoroughly reviewed the details of the charges, Mitchell attested under oath at the rearraignment that he knowingly and voluntarily wished to plead guilty pursuant to the plea agreement. The Court finds that Mitchell's claim of innocence and misclassification as a career offender are barred by the waiver contained in his plea agreement.

Mitchell's third claim is that his counsel provided ineffective assistance of counsel in violation of his Sixth Amendment right to counsel. (Rec. Doc. 518, p. 23). Mitchell alleges that his counsel was ineffective because he is actually innocent and he is not a career offender. (*Id.*). The Government counters that because Mitchell is not innocent and because he is a career offender, his counsel was not deficient for not seeking relief to which Mitchell was not entitled. (Rec. Doc. 530, p. 24).

An accused is entitled, as a matter of constitutional law, to assistance of counsel. *U.S. v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996) (citing *Douglas v. Cal.*, 372 U.S. 353 (1963)). The representation must be effective. *Id.* (citing *Evitts v. Lucey*, 469 U.S. 387 (1985); *Lombard v. Lynaugh*, 868 F.2d 1475, 1481 (5th Cir. 1989)). To prevail on an ineffective assistance of counsel claim, the petitioner must satisfy the two-part test enunciated in *Strickland v. Washington,* 466 U.S. 668 (1984). First, the petitioner must establish that counsel's performance fell below an objective standard of reasonableness. *Grammas*, 376 F.3d at 436 (citing *Strickland* 466 U.S. at 687). This reasonableness standard requires that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *Id.* (quoting United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)).

The second showing that the petitioner must make is that he was prejudiced by counsel's substandard performance. *Grammas*, 376 F.3d at 436. "To prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Conley*, 349 F.3d at 841-42). The United States Court of Appeals for the Fifth Circuit "consider[s] such factors as the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances." *United States v. Seglar*, 37 F.3d 1131, 1136 (5th Cir. 1994). If the defendant makes an insufficient showing on either one of the two prongs of the *Strickland* test the court need not address the other. *Powell v. Owens*, 43 F.3d 670 (5th Cir. 1994) (not published) (citing *Strickland*, 466 U.S. at 697).

Mitchell argues that he is innocent of the crime of conspiring to distribute a controlled substance. (Rec. Doc. 518, p. 14). As the Government asserts and as presented in the factual

basis and plea agreement, Mitchell attempted to distribute a quantity of heroin. Also, Mitchell is a career offender as his instant offense is a felony controlled substance offense and he has at least two prior felony convictions for a controlled substance offense. As the Government noted and the Court agrees, Mitchell has failed to show that his attorney's performance was deficient. Mitchell's counsel was not deficient for not requesting relief to which Mitchell was not entitled. The Fifth Circuit has held that an attorney's failure to raise a meritless argument "cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler,* 167 F.3d 889, 893 (5th Cir. 1999). The Court finds that Mitchell's claims for ineffective assistance of counsel are meritless as counsel did not perform below an objective standard of reasonableness.

## IV. Conclusion

Accordingly;

IT IS ORDERED that the **Motion to Vacate Pursuant to 28 U.S.C. § 2255** (**Rec. Doc. 518**) filed by Defendant Trey Mitchell is **DENIED**.

New Orleans, Louisiana this 3rd day of May, 2019

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE