UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-59 |
| TREY MITCHELL | SECTION "A" |

### ORDER AND REASONS

Before the Court is a **Motion for Compassionate Release (Rec. Doc. 592)** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by Defendant Trey Mitchell. The Government opposes the motion. (Rec. Doc. 594). For the following reasons, the motion is denied.

**I.    BACKGROUND**

On September 16, 2015, Mitchell pleaded guilty to Count Two of the Superseding Indictment that charged him with attempt to distribute a quantity of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. (Rec. Doc. 349, Plea Agreement). On March 2, 2016, the Court sentenced Mitchell to 188 months of imprisonment, to be followed by five years of supervised release. (Rec. Doc. 419, Judgment at 2–3). Mitchell is currently being housed at the FCI Beaumont Medium with a projected release date of August 18, 2031. (Rec. Doc. 594, Government's Opposition at 2).

On August 19, 2021, Mitchell filed a motion for compassionate release seeking a sentence reduction to time served. (Rec. Doc. 592). In his motion, Mitchell contends that his sentence was based on the following two legal errors: first, that no evidence was presented to support the indictment for conspiracy to distribute a controlled substance under 21 U.S.C. § 846 and, second that he improperly received a career-offender enhancement because his prior two state offenses

were counted as one state conviction. (*Id.* at 4). He claims that his resulting "harsh and lengthy sentence" is an "extraordinary and compelling reason" for a sentence reduction. (*Id.*).

The Government opposes Defendant's motion, arguing that Mitchell has not demonstrated that he exhausted his administrative remedies in full and that, where he has exhausted his administrative remedies, he failed to meet his burden of proving extraordinary and compelling reasons for relief on the merits. (Rec. Doc. 594, Government's Opposition at 1). The Government asserts that, while both grounds in Mitchell's motion are incorrect, only the first ground regarding § 846 has been properly exhausted through the administrative process. (*Id.* at 3).

The Court considers Mitchell's motion below.

## II.   DISCUSSION

Generally, "court[s] may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This rule has some exceptions, which, under the First Step Act, may now be presented to the court upon a defendant's motion for compassionate relief. For such a motion to be properly before the court, the defendant must either "exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or 30 days must elapse "from the receipt of such a [compassionate release] request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The court "may" grant such a motion if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction." *Id.* The court must also conclude, however, that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

### A. Exhaustion of Administrative Remedies

As a threshold matter, Mitchell has shown that he satisfied the exhaustion requirement for only one of the grounds in his motion for compassionate release. Section 3582 provides that a district court may grant compassionate release only if the defendant files the motion after "exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days elapse from the date the warden receives the defendant's compassionate release request, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has made clear that this exhaustion requirement is not jurisdictional but is a "mandatory claim-processing rule" that the district court "must enforce." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). However, "[f]or a petitioner's request to the warden to exhaust administrative remedies in accordance with § 3582(c)(1)(A), the request must be premised on the same facts alleged in the corresponding motion filed with the court." *U.S. v. Samak,* No. CR 91-189, 2020 WL 2473780 at *2 (E.D. La. May 13, 2020).

Mitchell argues that he has fully attempted to exhaust his administrative remedies. (Rec. Doc. 592 at 2). The Government disagrees, asserting that because Mitchell's initial request did not include any statements regarding the alleged legal error of the career-offender enhancement, he failed to administratively exhaust his remedies as to that claim. (Rec. Doc. 594, Government Opposition at 3). Consequently, the Government has requested that Mitchell's motion be dismissed without prejudice as to that ground. (*Id.*). We agree with the Government.

The record indicates that on April 6, 2021, Mitchell submitted a request to the warden seeking compassionate release. (Rec. Doc. 592-1 at 3). In his request, he claimed his entitlement to relief due to the changes that the First Step Act of 2018 made to 28 U.S.C. § 846 enhancements, explaining that he would have received a lesser sentence if sentenced today. (*Id.*). On April 22,

2021, the warden denied Mitchell's request. (*Id.* at 4). Mitchell submitted documentation showing that he appealed the denial of his request at the regional level on April 28, 2021. (*Id.* at 5). He claims that he also filed an appeal with the Central Office, but the attached document is undated. (*Id.* at 6). According to Mitchell, both appeals went unanswered. (Rec. Doc. 592 at 1).

Based on the provided documents, Mitchell has met the exhaustion requirement under § 3582(c)(1)(A) as to the facts alleged in his initial request. The issue, however, is that Mitchell's subsequent motion raises additional facts relating to his career-offender sentence enhancement that were not included in his initial request to the warden. Since Mitchell introduced new grounds for release that were not submitted to the warden, he has not exhausted his administrative remedies as to the new ground. As to the remaining, properly exhausted ground relating to § 846, Mitchell has failed to otherwise show that he is entitled to compassionate release.

### B. Extraordinary and Compelling Reasons

Generally, the defendant has the burden to show circumstances meeting the test for compassionate release. *United States v. Clark*, 451 F. Supp. 3d 651, 656 (M.D. La. 2020) (Dick, J.). Mitchell's request states that he is entitled to relief because of "the changes the First Step Act of 2018 made to [21 U.S.C.] § 846 enhancements," which would result in Mitchell receiving a lesser sentence if sentenced today. (Rec. Doc. 592-1 at 3). In his motion, he argues that his conviction under § 846 should be reviewed because the evidence did not support an indictment of conspiracy. (Rec. Doc. 592 at 4). Regardless of the argument that Mitchell advances regarding § 846's effect on his sentence, he is legally incorrect.[1]

Section 3582 does not define "extraordinary and compelling reasons." Instead, Congress delegated to the Sentencing Commission the responsibility of promulgating policy statements that

---

[1] Both arguments regarding § 846 relate to the appropriateness of Mitchell's sentence. The Court will analyze Mitchell's motion in accordance with that commonality.

"describe what should be considered extraordinary or compelling reasons for sentence modification." 28 U.S.C. § 994(t). The Commission's current policy statement and corresponding commentary sets forth four categories of "extraordinary and compelling reasons" that warrant a sentence reduction: (1) medical conditions, (2) age, (3) family circumstances, and (4) other reasons. U.S.S.G. § 1B1.13, Policy Statement, cmt. n.1(A)–(D). Although the policy statement "informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release," *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021), the Fifth Circuit recently clarified that "neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Instead, courts are "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Shkambi*, 993 F.3d at 393.

In light of *Shkambi*, the fact that "appropriateness of a sentence" is not a listed category is not dispositive. In fact, the Fifth Circuit has acknowledged that district courts have discretion to determine whether sentencing changes are extraordinary and compelling reasons for compassionate release. For example, in *United States v. Cooper*, the Fifth Circuit instructed the district court to consider on remand "whether the nonretroactive sentencing changes . . . , either alone or in conjunction with any other applicable considerations, constitute extraordinary and compelling reasons for a reduction in sentence." *United States v. Cooper*, 996 F.3d 283, 289 (5th Cir. 2021).

In *United States v. Lee*, Judge Fallon relied on that discretion to grant a motion for compassionate release because "there [was] a gross disparity" between the defendant's sentence and a likely sentence for identical conduct today, the defendant was 23 at the time of the crime, and it was reasonable for Congress to leave it to the courts to decide on a case-by-case basis

whether to relieve some defendants of their stacked mandatory sentences under § 924(c). *United States v. Lee*, No. CR 04-11, 2021 WL 3129243, at *4–5 (E.D. La. July 23, 2021) (Fallon, J.). Other courts have also found it appropriate to consider whether sentence modification is warranted in light of the disparity in the defendant's actual sentence and the sentence that he would receive if the First Step Act applied, but those courts noted that such a disparity is insufficient to warrant relief on its own. *See United States v.* Owens, 996 F.3d 755, 764 (6th Cir. 2021); *see also United States v.* McGee, 992 F.3d 1035, 1050 (10th Cir. 2021).

Although this Court has the discretion to consider whether nonretroactive sentencing changes warrant a reduction in sentence, the Court finds that, here, Mitchell has failed to present evidence of extraordinary and compelling reasons to modify his sentence. First, Mitchell mistakenly argues that he was convicted of the crime of conspiracy to distribute heroin under 21 U.S.C. § 846 when he was actually convicted of attempt to distribute heroin under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. (Rec. Doc. 419, Judgment at 1). Section 846 of Title 21 of the United States Code states that "[a]ny person who *attempts* or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846 (emphasis added). The distribution of heroin is unlawful under § 841(a)(1) and the penalties prescribed for the commission of that offense are found under § 841(b)(1)(C). Therefore, the applicable provisions for Mitchell's conviction are found under §§ 841(a)(1), 841(b)(1)(C), and 846.

Second, an examination of the changes made to § 841 through the First Step Act of 2018 shows that Congress did not amend the specific subsection under which Mitchell was convicted. The First Step Act, enacted in December 2018, made several changes to the sentencing laws. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act"). Among

other things, the Act reduced the length of mandatory minimum sentences for certain offenses, changed the types of offenses that trigger enhanced penalties, and retroactively applied certain provisions of the Fair Sentencing Act of 2010. *Id.*

At the time of Mitchell's conviction, § 841(b)(1)(C) included a maximum term of imprisonment of 20 years. 21 U.S.C. § 841(b)(1)(C) (2016). As a part of the First Step Act, Congress amended parts of § 841 but made no changes to subsection (b)(1)(C). First Step Act § 401(a); *see United States v. Birt*, 966 F.3d 257, 264–65 (3d Cir. 2020), *cert denied*, 141 S. Ct. 2790 (2021) (noting that the Supreme Court has indirectly endorsed the view that § 841(b)(1)(C) was not modified by the First Step Act); *see also United States v. Jones*, No. 3:14-CR-00669, 2021 WL 2076247, at *2 (D.N.J. May 24, 2021) ("Defendant pleaded guilty to an offense under 21 U.S.C. §§ 841(b)(1)(C), which was not amended by the . . . First Step Act. . . . [T]he First Step Act amended the Controlled Substances Act to reduce mandatory minimum sentencing requirements for prior drug offenses under 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B)."). Therefore, any defendant sentenced under § 841(b)(1)(C) prior to the First Step Act, including Mitchell, would presently be subject to the same statutory penalty of up to 20 years in prison.

### C. Section 3553(a) Factors

Even if the Court were to find that Mitchell has presented extraordinary and compelling reasons, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the Court concludes that Mitchell's release is not warranted. 18 U.S.C. § 3582(c)(1)(A). Specifically, the Court finds that "the history and characteristics of the defendant" and the "need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct . . ." militate against early release. 18 U.S.C. § 3553(a)(1),

(a)(2)(A)–(B). This is Mitchell's fourth drug-related conviction. Mitchell has a developed history of drug distribution, including three prior convictions of possession with the intent to distribute heroin and cocaine. (Rec. Doc. 350). Further, in his signed factual basis, Mitchell admitted to directing heroin sales through smuggled cellular phones while in jail for his state offenses. (*Id.* at 2). Mitchell has roughly served five years of a 15-year sentence, which is to be followed by three years of supervised release. Given the history and characteristics of the defendant, the Court finds that his sentence would not "provide just punishment for the offense" or "afford adequate deterrence to criminal conduct" were he to be released after serving only one-third of his term of imprisonment.

For the foregoing reasons, the Court concludes that Mitchell has failed to present extraordinary and compelling reasons warranting his release and, even if such reasons existed, the Court concludes that compassionate release is not warranted after considering the applicable sentencing factors in 18 U.S.C. § 3553(a).

Accordingly;

**IT IS ORDERED** that the **Motion for Compassionate Release (Rec. Doc. 592)** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by Defendant Trey Mitchell is **DENIED**.

November 15, 2021

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE