UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-59 |
| TREY MITCHELL | SECTION "A" |

### ORDER AND REASONS

Before the Court is Defendant Trey Mitchell's **Motion for Reconsideration (Rec. Doc. 618)** wherein he moves the Court to reconsider its previous Order and Reasons (Rec. Doc. 610) denying his motion for compassionate release. The Government opposes the motion. (Rec. Doc. 622). For the following reasons, the motion is denied.

**I.     BACKGROUND**

On September 16, 2015, Mitchell pleaded guilty to Count 2 of the Superseding Indictment, charging him with attempt to distribute a quantity of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. (Rec. Doc. 272, Superseding Indictment; Rec. Doc. 419, Judgment). The Court sentenced Mitchell to 188 months of imprisonment, to be followed by five years of supervised release. (Rec. Doc. 419 at pp. 2–3). Mitchell is currently housed at Lee USP with a projected release date of October 25, 2031.[1]

On August 19, 2021, Mitchell moved for compassionate release on the basis of two legal errors: first, that no evidence was presented to support the indictment for conspiracy[2] to distribute a controlled substance under 21 U.S.C. § 846 and, second that he improperly received a career offender sentence enhancement. (Rec. Doc. 592). On

---

[1] https://www.bop.gov/inmateloc/ (last visited July 26, 2022).
[2] Mitchell mistakenly argued that he was convicted of conspiracy to distribute heroin, when he was actually convicted of attempt to distribute heroin. (Rec. Doc. 419 at p.1, Judgment).

November 16, 2021, the Court denied the motion, finding that (1) the first ground, pertaining to § 846, although administratively exhausted, did not amount to extraordinary and compelling circumstances warranting relief and, that (2) Mitchell had not properly exhausted his administrative remedies as to the second ground, pertaining to his career offender enhancement. (Rec. Doc. 610). The Court also found that the 18 U.S.C. § 3553(a) factors did not weigh in favor of relief. (*Id.*).

On November 22, 2021, following the Court's denial of his compassionate release motion, Mitchell filed a request with the warden for a sentence reduction based on a "legal error" in his case—the error being the illegal application of the career offender enhancement to his sentence. (Rec. Doc. 618-1). The warden denied that request on December 3, 2021. (Rec. Doc. 618-2).

Rather than filing a new motion for compassionate release, Mitchell filed the instant motion for reconsideration on January 6, 2022, indicating that he has now exhausted his administrative remedies as to the career offender enhancement and asking the Court to reconsider his compassionate release motion. (Rec. Doc. 618). In the motion, Mitchell reiterates his argument that the career offender enhancement was erroneously applied. (*Id.*). He explains that, because the offense he pleaded guilty to is an inchoate offense, his prior state convictions cannot be used to enhance the sentence he received for that inchoate crime. (*Id.*).

The Government opposes Mitchell's motion, contending that, while he has now properly exhausted his administrative remedies, he still seeks to be released ten years early without defining any extraordinary or compelling circumstances. (Rec. Doc. 622 at p. 2). The Government asserts that a properly filed § 2241 petition for writ of habeas

corpus is the proper avenue for Mitchell to challenge the execution of his sentence. (*Id.* at pp. 7–8). In response, Mitchell reinforces the arguments presented in his motion and adds that proceeding by a § 2241 petition would be a waste of judicial time. (Rec. Doc. 626).

## II.   DISCUSSION

Courts typically construe a motion to reconsider a denial of compassionate release as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). *United States v. Garrett*, 15 F.4th 335, 339–40 (5th Cir. 2021). But, because Mitchell filed his motion more than 28 days after the denial, we treat it "as if it were a Rule 60(b) motion," as long as "the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief." *Id.* (quoting *Frew v. Young*, 992 F.3d 391, 396 (5th Cir. 2021) (quotation omitted)).

> Under Rule 60(b), a party may seek relief from an order for:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Not enumerated, but acknowledged by the Fifth Circuit as a basis for Rule 60(b) relief, is "to rectify an obvious error of law." *Caldwell v. Parker Univ.*, 802 F. App'x 841, 842 (5th Cir. 2020) (per curiam) (cleaned up).

Now that Mitchell has met the administrative exhaustion requirement, he asks this Court to revisit his motion for compassionate release, and, more specifically, his argument within that motion regarding the career offender enhancement. The question now is

whether Mitchell can cure his exhaustion defect after the Court's initial denial and then rely on that cured defect as a justification for reconsideration. This exact question was presented to the Fifth Circuit in *United States v. Garrett*, 15 F.4th 335 (5th Cir. 2021), and was answered in the negative. *Garrett*, 15 F.4th at 339. The Fifth Circuit stated that "[a]n intervening change in circumstance—such as exhausting previously unexhausted administrative remedies—is not a proper basis for a motion for reconsideration." *Id*.

Like Mitchell, after the defendant in *Garrett*'s first motion for compassionate release was denied without prejudice, he successfully exhausted his administrative remedies. *Id.* at 340. Also like Mitchell, instead of filing a new motion for compassionate release upon exhaustion, Garrett filed a motion for reconsideration. *Id.* at 339. Garrett's motion for reconsideration was denied by the district court, and the Fifth Circuit affirmed, reasoning that there was no legal error in the underlying judgment denying compassionate release because, at the time of the judgment, Garrett had failed to exhaust his administrative remedies. *Id.* at 339–40. According to the Fifth Circuit, "it is irrelevant" that Garrett achieved exhaustion in the intervening period between the denial and his motion for reconsideration; he was required "to properly exhaust . . . *before* filing" the first motion for compassionate release. *Id.* at 340 (quoting *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (emphasis added)). "A motion to reconsider is not the proper avenue to cure an exhaustion defect." *Id.*

Based on this reasoning, the Court finds no legal error in its Order denying, without prejudice, Mitchell's motion for compassionate release as to the career offender sentence enhancement because Mitchell had not exhausted all administrative remedies prior to presenting that argument in his motion. Because an intervening change in

circumstance—such as exhausting previously unexhausted administrative remedies—is not a proper basis for a motion for reconsideration, the motion for reconsideration is DENIED.

However, given that this Court denied Mitchell's motion for compassionate release without prejudice and that Mitchell has since then properly exhausted his administrative remedies, he is in a procedural posture to file a new motion for compassionate release.

Accordingly;

**IT IS ORDERED** that the **Motion for Reconsideration (Rec. Doc. 618)** is **DENIED**.

July 27, 2022

_____
UNITED STATES DISTRICT JUDGE