UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO. 14-59

TREY MITCHELL                           SECTION "A"

**ORDER AND REASONS**

Before the Court is Defendant Trey Mitchell's **Second Motion for Reconsideration (Rec. Docs. 635 & 635-1)**. The Government did not respond to this motion. The motion is denied for the reasons stated in the Court's original order and reasons and for the reasons herein.

On August 12, 2022, the Defendant filed an additional document labeled 'Motion to Supplement Compassionate Release Motion', which this Court will consider to be a second motion for reconsideration of compassionate release. In his motion, the Defendant attached a handwritten letter which made additional claims that: 1) the Court erred by applying the career-offender enhancement by relying on two prior inchoate crimes, 2) the Court erred by applying the career-offender statute because two of the Defendant's prior drug convictions were consolidated at sentencing and imposed as one sentence, and 3) *United States v. Davis* 720 F. 3 d 215 (4th Circuit, 2013) controls that because the Defendant received only one sentence for those previous drug convictions he cannot be found to be a career-offender.

The present motion does not provide the Court with any new information that had not been considered when the Defendant previously moved for compassionate release on multiple prior occasions. The Defendant's reliance on the argument that he was not

a career-offender has been discussed by this Court previously. However, for clarity the Court will address each of these claims individually.

There is no evidence that the Court incorrectly applied career-offender status to the Defendant. Section 4B1.1 enhances the offense level and criminal history category of a defendant with "at least two prior felony convictions of either a crime of violence or a controlled substance offense" who, in relevant part, is convicted of "a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). *United States v. Goodin*, 835 F. App'x 771, 781 (5th Cir. 2021)

It is long standing precedent that the career-offender enhancement includes inchoate offenses. *United States v. Lightbourn*, 115 F.3d 291, 293 (5th Cir. 1997), *See United States v. Kendrick*, 980 F.3d 432, 444 (5th Cir. 2020) (rejecting an argument that "conspiracy convictions should not qualify as 'controlled substance offense[s]' under § 4B1.1(a)" because *Lightbourn* "remains binding"); *United States v. Goodin*, 835 F. App'x 771, 782 (5th Cir. 2021) (explaining that *Lightbourn* held the Commission was "authorized ... to add inchoate offenses such as conspiracy to the 'controlled substance offense' definition in U.S.S.G. § 4B1.2[,]" and that "we are bound" by that precedent). *United States v. Mack*, No. 20-30160, 2021 WL 2521349 (5th Cir. June 18, 2021), *cert. denied*, 212 L. Ed. 2d 21, 142 S. Ct. 1134 (2022).

In this case, the Defendant had an extensive criminal history before being

convicted of this crime. The Defendant was arrested on two separate instances and charged with six different crimes in 2012. The Defendant plead guilty to all six of those crimes and was sentenced to five years imprisonment to run concurrent with his other sentences. The crimes the Defendant plead guilty to were as follows: 1) Possession with Intent to Distribute Heroin, 2) & 3) Attempted Illegal Carrying of a Weapon with a Controlled and Dangerous Substance, 4) Illegal Possession of a Firearm, 5) Attempted Illegal Carrying of a Weapon with a Controlled Substance, 6) Possession with Intent to Distribute Cocaine. Based on the controlling case law in this jurisdiction and applying them to the Defendant's criminal history when he was sentenced for the instance case, this Court finds the Defendant was properly enhanced as a career-offender.

In support of his argument that he was improperly enhanced as a career-offender, the Defendant cites to a case from the United States Court of Appeals for the Fourth Circuit *United States v. Davis* 720 F. 3 d 215 (4th Circuit, 2013). This Court finds that not only is that case not on point (it is in reference to a specific North Carolina law regarding consolidation of multiple crimes while calculating a defendant's criminal history), there is no analogous Fifth Circuit Court of Appeals holding, and the Court does not find the decision in *Davis* to be persuasive.

The Court finds that there is no reason for this Defendant's sentence to be prematurely terminated for the reasons argued. Compassionate release is reserved so that federal courts can reduce a sentence when "warrant[ed]" by "extraordinary and compelling reasons[.]" 18 U.S.C. § 3582(c)(1)(A) (1984). The Court has no evidence of an extraordinary and compelling reason to reduce this Defendant's sentence. The **Second Motion for Reconsideration** is **DENIED.**

Accordingly;

**IT IS ORDERED** that the **Second Motion for Reconsideration (Rec. Docs. 635 & 635-1)** is **DENIED**.

October 31, 2022

_____
UNITED STATES DISTRICT JUDGE