UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 14-59 |
| TREY MITCHELL | SEC. "A" |

### ORDER AND REASONS

Before the Court are the Defendant's **MOTION for Compassionate Release (Rec. Doc. 645)** and the Defendant's **Motion to Appoint Counsel (Rec. Doc. 647)** filed by Trey Mitchell. The motions were filed by the Defendant who is representing himself pro se.   The Defendant's motion for Compassionate Release is DISMISSED WITHOUT PREJUDICE and the Defendant's motion to appoint counsel is DENIED for the following reasons.

Generally, "court[s] may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This rule has some exceptions, which, under the First Step Act, may now be presented to the court upon a defendant's motion for compassionate release. For such a motion to be properly before the court, the defendant must either "exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or 30 days must elapse "from the receipt of such a [compassionate release] request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The court "may" grant such a motion if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction." *Id.* The court must also conclude, however, that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

As mentioned above, section 3582 allows a court to consider a defendant's motion for

compassionate release only if defendants show that they "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or 30 days have passed from the date the warden receives the defendant's compassionate release request, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (holding that the statutory requirement is "not jurisdictional but . . . *is* mandatory").

Here, the Court need not delve into the merits of the Defendant's motion because the Defendant has not yet exhausted his administrative remedies. The Defendant and the Defendant alone has the burden of proving that he has exhausted the mandatory prerequisite of an appeal of the Board of Prison's decision to choose to not file a motion on the Defendant's behalf. Because the Defendant did not present his new extraordinary and compelling reasons to the Warden first, the Court must dismiss his motion without prejudice.

The Defendant further requests the Court appoint counsel to assist him in his pursuit of an early release from prison. The Court denies the Defendant's motion to appoint counsel as a matter of law because the Defendant is not entitled to the appointment of counsel at this stage in the proceedings.

**ACCORDINGLY**;

> **IT IS ORDERED** that the Defendant's **MOTION for Compassionate Release (Rec. Doc. 645)** is **DISMISSED WITHOUT PREJUDICE**.
>
> **IT IS FURTHER ORDERED** that the Defendant's **Motion to Appoint Counsel (Rec. 647)** is **DENIED AS MOOT**.

New Orleans, Louisiana, August 31, 2023.

.

_____
Judge Jay C. Zainey
United States District Judge