UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO.: 14-cr-59 |
| TREY MITCHELL | SECTION: "A" |

**ORDER AND REASONS**

Before the Court is a **Motion for Compassionate Release (Rec. Doc. 817)** pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Trey Mitchell. The Government opposes the motion. (Rec. Doc. 823). For the following reasons, the motion is **DENIED**.

## I. BACKGROUND

On September 16, 2015, Mitchell pleaded guilty to Count Two of the Superseding Indictment that charged him with an attempt to distribute a quantity of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.[1] On March 2, 2016, he was sentenced to 188 months of imprisonment, to be followed by five years of supervised release.[2] Mitchell is currently being housed at Yazoo City FCI with a projected release date of May 21, 2032.[3]

[1] R. Doc. 349, Plea Agreement.
[2] R. Doc. 419, Judgment, at 2–3.
[3] R. Doc. 823, Gov.'s Opp., at 2.

Mitchell has made significant rehabilitation while in prison. He has taken education courses, displayed leadership and mentorship to other incarcerated individuals, renounced his gang membership, and has secured employment at post-release.[4]

Mitchell previously filed two motions for compassionate release.[5] In the instant motion, Mitchell contends that the Sentencing Commission's amended guidance, effective November 1, 2023, expressly recognizes the factors in the compassionate release analysis that Mitchell presents.[6] Specifically, he argues that the Sentencing Commission now recognizes youth at the time of the offense and upbringing/personal history as relevant factors for the Court to consider. Mitchell contends that he has met his burden of presenting extraordinary and compelling reasons to warrant his sentence reduction. He points to factors such as: (1) his youth at the time he committed the offenses to which he pled guilty; (2) the advancing research on youthful offenders, drug addiction, and neurological development; (3) his rehabilitation and moral development while in prison; (4) the severity of his sentence.

The Government opposes Mitchell's motion, arguing that he failed to meet his burden of proving extraordinary and compelling reasons for relief on the merits.

## II. DISCUSSION

Generally, "court[s] may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This rule has some exceptions, which, under the First

---

[4] *See generally* R. Doc. 817.
[5] R. Doc. 592 and R. Doc. 635.
[6] R. Doc. 817, Mot. for Compassionate Release, at 1.

Step Act, may now be presented to the court upon a defendant's motion for compassionate relief. For such a motion to be properly before the court, the defendant must either "exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or 30 days must elapse "from the receipt of such a [compassionate release] request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The court "may" grant such a motion if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction." *Id.* The court must also conclude, however, that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

*A. Exhaustion of Administrative Remedies*

As a threshold matter, the Court finds that Mitchell has exhausted his administrative remedies. The record indicates that on January 27, 2026, Mitchell submitted a request to the warden seeking compassionate release.[7] On February 3, 2026, Acting Complex Warden Thomas denied Mitchell's request.[8] Thirty days elapsed between the receipt of Mitchell's request to Warden Thomas and the filing of his motion on May 19, 2026. Accordingly, Mitchell has met the threshold requirement of exhausting his administrative remedies before filing the instant motion.[9]

---

[7] R. Doc. 817-1.

[8] R. Doc. 823-1.

[9] Confusingly, the Government in its opposition has an entire section titled "The defendant has not exhausted his administrative remedies, and the government invokes this mandatory requirement, seeking dismissal of the motion without prejudice. R. Doc. 823 at 4. However, it concludes this section by conceding that "Because the defendant did present his new "extraordinary and compelling reasons" to the warden […], the government finds the administrative remedies exhausted." *Id.* at 5.

*B. Extraordinary and Compelling Reasons*

Mitchell seeks a sentence reduction based on a combination of factors that he contends constitute an extraordinary and compelling reason for early release. The First Step Act does not define "extraordinary and compelling reasons." Instead, Congress delegated to the Sentencing Commission the responsibility of promulgating policy statements that "describe what should be considered extraordinary or compelling reasons for sentence modification." 28 U.S.C. § 994(t).

Effective November 1, 2023, the Commission amended the Guidelines to broaden the scope of what qualifies as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13. Section 1B1.13(b), as amended, identifies six categories of circumstances that may qualify as "extraordinary and compelling." *Id.* § 1B1.13(b). These categories are: (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) the family circumstances of the defendant; (4) whether the defendant was a victim of abuse while in custody; (5) other reasons similar in gravity to those previously described; and (6) an unusually long sentence.

Mitchell urges the Court to grant his motion for a sentence reduction based on the following reasons, considered in conjunction with one another: (1) his youth at the time he committed the offenses to which he pled guilty, and the circumstances surrounding the offense; (2) his extraordinary rehabilitation and maturation while he has been in custody; (3) the severity of his sentence.

To bolster his argument, Mitchell heavily relies on *United States v. Ramsey*, in which the Southern District of New York held that a defendant who was convicted of murder in aid of racketeering and sentenced to life imprisonment at 18 years old met his burden for a sentence reduction under the First Step Act. 538 F. Supp. 3d 407 (S.D. N.Y. 2021). In deciding that case, the court went into a detailed analysis as to how a defendant's upbringing can lead him to engage in criminal activity. *See id.* at 414-17. The court ultimately concluded that Ramsey's (1) youth at the time of the offense; (2) upbringing; (3) evidence of rehabilitation; and (4) the fact that the Court could not consider Ramsay's individual circumstances when Ramsay was initially sentenced (because the Sentencing Guidelines imposed a mandatory life sentence), constituted, in conjunction with each other, "extraordinary and compelling reasons" that warranted Ramsey's sentence reduced from life to 360 months. *Id.* at 424-27.

The Court is deeply sympathetic to Mitchell's drug addiction which started when he was only 14 years old. The Court acknowledges that "developments in psychology and brain science continue to show fundamental differences between juvenile and adult minds. For example, parts of the brain involved in behavior control continue to mature through late adolescence." *Id.* at 416 (quoting *Graham v. Florida*, 560 U.S. 48, 74 (2010)). The Court also commends Mitchell's personal growth and acknowledgement of past mistakes. However, the Court is unconvinced that Mitchell's young age (21 years) at the time of his offense amounts to an "extraordinarily severe exigency, not foreseeable at the time of sentencing, and

unique to the life of the prisoner." *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023).

Mitchell contends the Court should consider that, because he was twenty-one years old at the time of his offense and because of his drug addiction, his "thinking was shaped under the influence of substances that affected how [he] saw the world and how [he] made decisions."[10] But he offers no indication that his youth and substance abuse was not considered when he received his sentence. To the contrary, the sentencing judge made the following statements at the sentencing hearing:

> We're faced with a person who, contrary to these letters and contrary to his upbringing, most certainly has been proven to be a danger to society. […] You're a pretty young guy so you're going to get out of jail one day–not soon–but one day you're going get out of jail and you're going to have to decide whether you want to be this person in this PSR because when I read this PSR, it's pretty frightening.

Although the Fifth Circuit has concluded that the district court has full discretion to define "extraordinary and compelling" circumstances, it has also made clear that the court may only grant relief when a prisoner "faces some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023). Under this framework, the Court cannot find that Mitchell's age, substance abuse, and upbringing/personal history were not foreseeable at the time of sentencing. Nor is his rehabilitation "exigent" or "unique to the life of prisoner." *See id.*

---

[10] R. Doc. 817 at 2.

Accordingly, the Court finds that Mitchell's age at the time he committed the offenses—regardless of whether it is viewed individually or in conjunction with his other proposed reasons for compassionate release—does not rise to the level of "extraordinary and compelling" reasons for the Court to grant a sentence reduction

Because the Court does not find that Mitchell has demonstrated extraordinary and compelling reasons for relief, the Court need not address the Section 3553(a) Factors.

As stated previously, the Court applauds Mitchell for the progress he has made while incarcerated and sincerely hopes that he will continue to seek out opportunities to better himself and his community.

Accordingly;

**IT IS ORDERED** that the **Motion for Compassionate Release (Rec. Doc. 817)** pursuant to 18 U.S.C. § 3582(c)(1) filed by Defendant Trey Mitchell is **DENIED.**

August 13, 2026

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE